Filed 12/13/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TYRON JACOB TROUT-LACY,<br><br>    Defendant and Appellant. | H046492<br>(Santa Clara County<br>Super. Ct. No. C1882419) |

Defendant Tyron Jacob Trout-Lacy and the victim, who was high on methamphetamine and had heart disease, fought. Defendant punched the victim in the face multiple times and slammed his head against the ground. A witness called 911 to attend to the victim's injuries. First responders restrained the uncooperative victim in an effort to render medical aid. Shortly thereafter, the victim became unresponsive and died. At issue on appeal is whether the trial court abused its discretion in concluding, in the context of a victim restitution order, that defendant's conduct caused the victim's death. We find no error and affirm.

## I.   BACKGROUND

Late on the night of January 27, 2018, the victim and defendant got into a physical fight outside the San Jose home of a mutual friend. The victim reportedly had been using methamphetamine and had not slept in days. Defendant punched the victim in the face five times and slammed his head against the ground before leaving the scene. Emergency personnel arrived in response to a 911 call for medical assistance. They handcuffed the

victim because he was uncooperative. Shortly after being restrained, the victim became unresponsive. He was pronounced dead at the hospital.

An autopsy was conducted on the victim. According to the coroner's report, the autopsy revealed that the victim had "hypertensive (high blood pressure) changes of the heart, kidneys and brain[;] hypoxic-ischemic neuronal change in the hippocampus[;] fluid in the lungs[;] hepatitis[;] and hepatic fibrosis. Although abrasions and contusions were noted, there were no lethal traumatic injuries. The toxicology testing of postmortem blood revealed the presence of methamphetamine and its metabolite amphetamine." The coroner identified the cause of death as "[m]ethamphetamine toxicity complicating hypertensive cardiovascular disease following and during physical encounters." The report classified the manner of death as "undetermined" because the coroner was unable to determine "[t]he relative individual contributions of . . . the reported physical altercation [with defendant], physical restraint [by emergency personnel], presence of methamphetamine . . . in blood with underlying heart disease and evidence of recent . . . lack of oxygen . . . ." to the victim's death.

A felony complaint filed on January 31, 2018 charged defendant with murder (Pen. Code, § 187)[1] and alleged that he had a prior strike conviction (§§ 667, subd. (b)-(i); 1170.12). On July 11, 2018, the complaint was amended on the People's motion to add a second count, assault by force likely to produce great bodily injury (§ 245, subd. (a)(4)), and an associated allegation that defendant personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). That same day, defendant pleaded no contest to the newly added count 2 and admitted the great bodily injury and strike prior allegations in exchange for the dismissal of count 1 and a four-year prison term.

The trial court sentenced defendant to the agreed-upon four-year term on September 7, 2018. The court imposed a term of four years on count 2—the low term of

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

two years, doubled by the strike. The court struck the additional punishment associated with the great bodily injury enhancement pursuant to section 1385, subdivision (b)(1).

The court held a restitution hearing on November 16, 2018, after which it ordered defendant to pay $4,169.11—the amount of the victim's funeral expenses—in victim restitution. Defendant timely appealed from that order.

## II. DISCUSSION

### A. *Legal Principles and Standard of Review*

Except in circumstances not relevant here, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . ." (§ 1202.4, subd. (f).) We apply tort principles of causation to determine whether a loss was a result of the defendant's conduct. (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1321 (*Holmberg*).) "Legal causation in tort law has traditionally required two elements . . . ." (*South Coast Framing, Inc. v. Workers' Comp. Appeals Bd.* (2015) 61 Cal.4th 291, 298 (*South Coast Framing*).) The first is cause in fact. (*Ibid.*) " ' "An act is a cause in fact if it is a necessary antecedent of an event." ' [Citation.]" (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 352 (*State Hospitals*).) "[T]he 'but for' test governs questions of factual causation" except in cases involving concurrent independent causes, in which case the "substantial factor" test applies. (*Id.* at p. 352, fn. 12.) "[C]oncurrent independent causes . . . are multiple forces operating at the same time and independently, each of which would have been sufficient by itself to bring about the harm." (*Viner v. Sweet* (2003) 30 Cal.4th 1232, 1240 (*Viner*).) The second aspect of legal causation focuses on public policy considerations that limit an

3

actor's responsibility for the consequences of his conduct.[2] (*State Hospitals*, *supra*, at p. 353.)

The standard of proof at a restitution hearing is preponderance of the evidence, not proof beyond a reasonable doubt. (*Holmberg*, *supra*, 195 Cal.App.4th at p. 1319.) We review a victim restitution award for abuse of discretion. (*Id.* at p. 1320.) "[W]here the specific issue is whether the court's factual findings support restitution, we review those findings for substantial evidence." (*In re S.O.* (2018) 24 Cal.App.5th 1094, 1098.)

### B. Analysis

Defendant contends that his conduct was neither a substantial factor in causing the victim's death nor a but-for cause of the victim's death. As noted above, the California Supreme Court clarified in *State Hospitals* that the substantial factor test applies only where concurrent *independent* causes contribute to an injury. (*Modisette v. Apple Inc.* (2018) 30 Cal.App.5th 136, 153, fn. 14.) This case does not involve "multiple forces operating at the same time and independently, each of which would have been sufficient by itself to bring about the harm," but rather "forces [that] operated in combination, with none being sufficient in the absence of the others to bring about the harm . . . ." (*Viner*, *supra*, 30 Cal.4th at p. 1240.) Accordingly, this case is governed by the but-for test, under which we ask whether the victim would have sustained the same harm absent (i.e., but for) the defendant's conduct. (*Id.* at pp. 1240-1241.)

Defendant argues that the evidence did not show that his conduct was a necessary antecedent of the victim's death because the coroner was unable to determine "[t]he

---

[2] This public policy-focused aspect of causation sometimes is referred to as "proximate cause." (See *South Coast Framing*, *supra*, 61 Cal.4th at p. 298 [identifying the two elements of legal cause as "cause in fact and proximate cause"]; *Holmberg*, *supra*, 195 Cal.App.4th at p. 1321.) Confusingly, the term "proximate cause" also frequently is used as a synonym for legal cause. (*State Hospitals*, *supra*, 61 Cal.4th at p. 352 ["We have recognized that proximate cause has two aspects"]; *Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1142 [tort plaintiff must demonstrate that the breach is "the proximate or legal cause of the resulting injury"].)

4

relative individual contributions of . . . the reported physical altercation, physical restraint, presence of methamphetamine . . . in blood with underlying heart disease and evidence of recent . . . lack of oxygen . . . " to the victim's death. But the coroner's inclusion of the physical altercation as one of the "circumstances" that contributed to the victim's death supports the inference that the victim would not have died but for that altercation. Moreover, had the physical altercation with defendant not occurred, the victim would not have been restrained by first responders. That physical restraint also was identified by the coroner as a factor that contributed to the victim's death.

For the foregoing reasons, substantial evidence supports the trial court's finding that defendant's conduct was a but-for cause of the victim's death. It follows that the award of victim restitution for funeral costs was not an abuse of discretion.

## III.    DISPOSITION

The victim restitution order is affirmed.

5

                                           _____

                                           ELIA, Acting P. J.

WE CONCUR:

_____

GROVER, J.

_____

DANNER, J.

*People v. Trout-Lacy*
H046492

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court |
| | Superior Court No.:  C1882419 |
| | |
| Trial Judge: | Honorable Matthew S. Harris |
| | |
| Counsel for Plaintiff and Respondent: THE PEOPLE | Xavier Becerra Attorney General |
| | |
| | Jeffrey M. Laurence Senior Assistant Attorney General |
| | |
| | René A. Chacón Supervising Deputy Attorney General |
| | |
| | Bruce L. Ortega Deputy Attorney General |
| | |
| Counsel for Defendant and Appellant: TYRON JACOB TROUT-LACY | Jennifer Bruno Sixth District Appellate Program |

*People v. Trout-Lacy*
H046492